IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 01-31141

---

RODNEY REVERE,

Plaintiff-Appellant,

versus

WALTER REED, District Attorney,
22nd Judicial District Court,

Defendant-Appellee.

---

Appeal from the United States District Court
For the Eastern District of Louisiana
(01-CV-492-T)

---

July 11, 2002

Before HIGGINBOTHAM, JONES, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

We were informed at oral argument that Rodney Revere has now available to him a statutory right to obtain DNA testing under Louisiana's Code of Criminal Procedure, Article 926.1, a process that may afford Rodney Revere all the relief he seeks in this federal suit.

On the federal side there are substantial questions whether

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Revere can craft his 1983 suit to escape the reach of *Heck v. Humphrey* and on that narrow path state a claim for denial of due process. To the extent Revere is more ambitious with his claim and would abandon that narrow path, his claim must proceed as a writ of habeas corpus. And, of course, Revere has not exhausted his state court remedies for federal habeas.

Those hurdles are only background to a reality we must notice: Revere's constitutional claims asserted in this suit are yet so unshaped by the defining of Louisiana's offered process as be nigh hypothetical. Stated more precisely, it is too soon to tell if Louisiana has denied Revere any right it was compelled by due process to provide. Under these unique circumstances we are persuaded that Revere's claims are not ripe and should be remanded to the district court with instructions to dismiss without prejudice.

The judgment below is VACATED and REMANDED.